UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLA MOORE | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION | : | JULY 8, 2019 |

## COMPLAINT

COUNT ONE

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant subjected the plaintiff to a hostile working environment because of her race and retaliated against her for complaining about it.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult African-American citizen of the United States residing in the State of Connecticut.

1

4. During all times mentioned in this action, the defendant was and is the plaintiff's employer and it is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of a hostile working environment and retaliation with the United States Equal Employment Opportunity Commission and having received a Notice of Right to Sue issued on July 2, 2019.

6. The plaintiff is employed by the defendant as a Correctional Identification Records Specialist 1. She has been employed by the defendant for approximately twenty-five years and her evaluations always have been satisfactory or better.

7. At the time of the events described herein, the plaintiff was assigned to work at the Radgowski Correctional Institution in Uncasaville, Connecticut.

8. For an extended period of time, a Correction Officer also employed at the said facility was permitted to park his personal vehicle in an location not usually permitted for institutional employees, directly adjacent to the entrance to the building where an American Flag is flown. The said vehicle always was parked in such a manner that it prominently displayed a Confederate Flag to

confront anyone entering the facility.

9. When it became apparent to the plaintiff that the Confederate Flag was not being displayed there only on an occasion, but rather was becoming a permanent fixture, the plaintiff complained about the display of the flag to superior officers.

10. Shortly thereafter, the plaintiff was confronted in her office by a Caucasian supervisor who approached the plaintiff in a physically threatening manner, screaming and pointing at her.

11. The plaintiff thereafter complained about the said conduct to superior officers.

12. In retaliation for having made the said complaint, the plaintiff – who in a quarter century of employment never had received any discipline whatever -- was suspended without pay for one day.

13. As a result, the plaintiff has suffered emotional distress and financial loss.

14. In the manner described above, the plaintiff has been subjected to a hostile working environment because of her race, in violation of the statutes delineated above.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Attorney fees and the costs of this action;

C. A temporary and permanent injunction requiring the defendant forthwith to remove the said disciplinary action from her personnel file and to restore her lost wages;

D. Such other relief as this court shall consider to be fair and equitable.

## COUNT TWO

1 - 13. Paragraphs 1 through 13 of Count One are made Paragraphs 1 through 13 of Count Two.

14. In the manner described above, the defendant has subjected the plaintiff to retaliation for complaining about a hostile working environment based on race, in violation of the statutes delineated above.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Attorney fees and the costs of this action;

C. A temporary and permanent injunction requiring the defendant

forthwith to remove the said disciplinary action from her personnel file and to restore her lost wages;

    D.  Such other relief as this court shall consider to be fair and equitable.

COUNT THREE

    1. This is an action pursuant to Sections 46a-60(b)(1) and 46a-60(b)(4) of the Connecticut General Statutes.  The defendant subjected the plaintiff to a hostile working environment because of her race and retaliated against her for complaining about it.

    2. Jurisdiction of this court is invoked under the provisions of Section 1367(a) of Title 28 of the United States Code.

    3. During all times mentioned in this action, the plaintiff was, and still is, an adult African-American citizen of the United States residing in the State of Connecticut.

    4. During all times mentioned in this action, the defendant was and is the plaintiff's employer and it is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

    5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of a hostile

working environment and retaliation with the Connecticut Commission on Human Rights and Opportunities and having received a Release of Jurisdiction issued on July 2, 2019.

6. The plaintiff is employed by the defendant as a Correctional Identification Records Specialist 1. She has been employed by the defendant for approximately twenty-five years and her evaluations always have been satisfactory or better.

7. At the time of the events described herein, the plaintiff was assigned to work at the Radgowski Correctional Institution in Uncasaville, Connecticut.

8. For an extended period of time, a Correction Officer also employed at the said facility was permitted to park his personal vehicle in an location not usually permitted for institutional employees, directly adjacent to the entrance to the building where an American Flag is flown. The said vehicle always was parked in such a manner that it prominently displayed a Confederate Flag to confront anyone entering the facility.

9. When it became apparent to the plaintiff that the Confederate Flag was not being displayed there only on an occasion, but rather was becoming a permanent fixture, the plaintiff complained about the display of the flag to superior officers.

10. Shortly thereafter, the plaintiff was confronted in her office by a

Caucasian supervisor who approached the plaintiff in a physically threatening manner, screaming and pointing at her.

11. The plaintiff thereafter complained about the said conduct to superior officers.

12. In retaliation for having made the said complaint, the plaintiff – who in a quarter century of employment never had received any discipline whatever -- was suspended without pay for one day.

13. As a result, the plaintiff has suffered emotional distress and financial loss.

14. In the manner described above, the plaintiff has been subjected to a hostile working environment because of her race, in violation of the statutes delineated above.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Attorney fees and the costs of this action;

C. A temporary and permanent injunction requiring the defendant forthwith to remove the said disciplinary action from her personnel file and to restore her lost wages;

D. Such other relief as this court shall consider to be fair and equitable.

COUNT FOUR

1 - 13. Paragraphs 1 through 13 of Count Three are made Paragraphs 1 through 13 of Count Four.

14. In the manner described above, the defendant has subjected the plaintiff to retaliation for complaining about a hostile working environment based on race, in violation of the statutes delineated above.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Attorney fees and the costs of this action;

C. A temporary and permanent injunction requiring the defendant forthwith to remove the said disciplinary action from her personnel file and to restore her lost wages;

D. Such other relief as this court shall consider to be fair and equitable.

COUNT FIVE

1. This is an action pursuant to Section 31-51q of the Connecticut

General Statutes. The defendant subjected the plaintiff to discipline for exercising speech protected by Sections 3, 4 and 14 of Article First of the Connecticut Constitution.

2. Jurisdiction of this court is invoked under the provisions of Section 1367(a) of Title 28 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.

4. During all times mentioned in this action, the defendant was and is the plaintiff's employer.

5. The plaintiff is employed by the defendant as a Correctional Identification Records Specialist 1. She has been employed by the defendant for approximately twenty-five years and her evaluations always have been satisfactory or better.

6. At the time of the events described herein, the plaintiff was assigned to work at the Radgowski Correctional Institution in Uncasaville, Connecticut.

7. For an extended period of time, a Correction Officer also employed at the said facility was permitted to park his personal vehicle in an location not usually permitted for institutional employees, directly adjacent to the entrance to the building where an American Flag is flown. The said vehicle always was parked in such a manner that it prominently displayed a Confederate Flag to

confront anyone entering the facility, including not only staff but visitors to the facility and visitors to inmates at the facility a substantial number of whom are African-American.

8. When it became apparent to the plaintiff that the Confederate Flag was not being displayed there only on an occasion, but rather was becoming a permanent fixture, the plaintiff complained about the display of the flag to superior officers.

9. In retaliation for having made the said complaint, the plaintiff – who in a quarter century of employment never had received any discipline whatever -- was suspended without pay for one day.

10. The plaintiff's aforesaid complaint constituted speech on a matter of public concern protected by Article First of the Connecticut Constitution.

11. The plaintiff's aforesaid complaint did not substantially or materially interfere with her bona fide job performance or the working relationship between her and the defendant.

12. As a result, the plaintiff has suffered emotional distress and financial loss.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be

just, reasonable and fair;

    B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

    C. Attorney fees and the costs of this action.

                    THE PLAINTIFF

BY: _____/s/\_\_\_\_(ct00215)_____
       JOHN R. WILLIAMS (ct00215)
       51 Elm Street
       New Haven, CT 06510
       203-562-9931
       Fax: 203-776-9494
       jrw@johnrwilliams.com
       Her Attorney